IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01508-WYD

IN RE:
BILLY JASON HARWELL,

    Debtor,

BILLY JASON HARWELL,

    Appellant,

v.

LYNN HAHN MARTINEZ, Chapter 7 Trustee,
DONNA CORRIGAN, and
UPPER YAMPA REALTY, INC.,

    Appellees.

**ORDER**

I.    <u>INTRODUCTION</u>

As an initial matter, I note that in his opening brief, the Appellant requests oral argument before this Court.  Under the Federal Rules of Bankruptcy Procedure, Rule 8012, I deny the Appellant's request for oral argument because "the facts and legal arguments [are] adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument."  Bank. R. 8012.

This matter comes before the Court on the appeal by Appellant Billy Jason Harwell ("Harwell") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 05-41744-ABC.  This appeal arises from the Bankruptcy Court's

July 3, 2007 Order on the Trustee's Motion for Approval of Sales Commission in Connection With Trustee's Sale of 16357 Highway 134, Kremmling, Colorado. In this appeal, Harwell argues that the Bankruptcy Court erred in awarding a 3% real estate commission to be paid to Donna Corrigan and Upper Yampa Valley, Inc., the real estate broker, without considering all the factors set forth in 11 U.S.C. §330(a)(3). Harwell argues that section 330 sets forth mandatory factors which the Court must consider in awarding compensation to professional persons and reimbursing expenses to professional persons. (Opening Br. 1.)

II.     RELEVANT FACTS

In previous orders in related appeals, 07-cv-01140-WYD and 07-cv-01283-WYD, I set forth detailed recitations of the pertinent facts of this case. Accordingly, those facts are incorporated by reference in this Order. Additionally, I find that the following facts are also relevant to the particular appeal at issue. On October 10, 2005, Harwell filed a voluntary Chapter 11 bankruptcy petition. On December 5, 2006, Lynn H. Martinez was appointed as Chapter 11 bankruptcy trustee. On January 30, 2007, the trustee filed a motion to convert the case from Chapter 11 to Chapter 7. Harwell did not oppose conversion. Accordingly, on February 28, 2007, the Bankruptcy Court entered an Order converting the case to Chapter 7.

On March 2, 2007, the trustee filed an application to employ Donna Corrigan and Upper Yampa Realty, Inc. as real estate broker ("Broker") to assist the trustee in the sale of certain real estate owned by the Debtor. The real estate included real property located in Kremmling, Colorado (Highway 134) ("Real Property"). On March 7,

2007, the Bankruptcy Court entered an Order approving the application to employ the Broker.

The trustee, through the Broker, reached an agreement to sell the Real Property to a third party. The trustee filed a motion with the Bankruptcy Court to sell the Real Property to the third party free and clear of liens and encumbrances and to pay the Broker a 3% sales commission at the closing on the sale of the Real Property. In the motion, the trustee stated that she is seeking authority to pay the Broker a real estate commission in an amount equal to 3% of the purchase price of the Peal Property at the closing. (Mot. at 2; docket #353.) The trustee asserted that the commission is reasonable and necessary. *Id.* The trustee further asserted that there have been, and likely will continue to be numerous issues involved in the marketing and sale of the Real Property. Moreover, the trustee claimed that the Broker has rendered valuable services to the trustee in connection with her investigation regarding the Real Property and the sale of that Real Property. *Id.*

On March 8, 2007, Harwell filed a limited objection to the trustee's motion. Specifically, Harwell objected to the trustee's request that she be authorized to pay the 3% real estate commission to the Broker. On April 12, 2007, the Bankruptcy Court entered its Order approving the sale of the Real Property but reserved the issue of whether the Broker should be paid the 3% real estate commission. On June 21, 2007, the Bankruptcy Court held a hearing on this issue. At the hearing, Donna Corrigan, the Broker, testified that she did not know how many hours she spent representing the bankruptcy estate in connection with the sale of the Real Property. (Hr'g. Tr. 43:12-14.)

When asked why she did not know how many hours she had spent working on the real estate sale, Donna Corrigan stated that "[w]e just don't keep track of hours." (Hr'g. Tr. 43:15-16.) At the hearing, the Bankruptcy Court found that the Broker spent substantial time doing appropriate tasks. (Hr'g. Tr. 65:20-21.) Thus, on July 3, 2007, the Bankruptcy Court issued a Order overruling the Debtor's objection to the payment of the 3% commission and authorizing the trustee to pay the 3% commission to the Broker at the closing from the proceeds of the sale of the Real Property. Harwell timely filed the instant appeal, which is now before me.

III. ANALYSIS

   A. Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *Kimco Leasing, Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id.* A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo*. *Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached." *Id.*

B.  Whether the Bankruptcy Court Erred When it Awarded a 3% Real Estate Commission to the Broker Without Considering all the Factors Set Forth in 11 U.S.C. §330(a)(3)

In this appeal, Harwell argues that the Bankruptcy Court committed reversible error by awarding a 3% real estate commission to the Broker without considering all the factors set forth in 11 U.S.C. §330(a)(3). Harwell asserts that the Bankruptcy Court was required to consider each of the five factors set forth in section 330 in determining the reasonableness of awarding the 3% commission to the Broker. Harwell further argues that the Bankruptcy Court failed to consider the time spent by the Broker with respect to the sale of the Real Property because there was no evidence of such time in the record. Finally, Harwell claims that due to the lack of evidence of the time spent by the Broker, the Bankruptcy Court erroneously concluded that the Broker spent a substantial amount of time with respect to the sale of the Real Property.

The Tenth Circuit addressed the issue of professional fees in bankruptcy cases in *In re Commercial Financial Services*, 427 F.3d 804, 810 (10th Cir. 2005). In that case, the Tenth Circuit stated that "[t]he award of professional fees in bankruptcy cases is governed by 11 U.S.C. §330." *Id.* The Court went on to say that "[t]hat provision covers both the court's ability to declare a fee unreasonable and to independently determine reasonable fees. Under 11 U.S.C. §330(a)(1), bankruptcy courts have wide discretion in awarding compensation to attorneys, trustees, and professionals so long as it is reasonable." *Id.* 11 U.S.C. §330(a)(3) "further provides, that '[i]n determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services . . . .'" *Id.* In *Commercial*

*Financial,* the Tenth Circuit instructed that in order to do this, courts

> must take into account all relevant factors, including -
> (A) the time spent on such services; (B) the rates charged
> for such services; (C) whether the services were necessary
> to the administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case
> under this title; (D) whether the services were performed
> within a reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem, issue, or
> task addressed; and (E) whether the compensation is
> reasonable based on the customary compensation charged
> by comparably skilled practitioners in cases other than
> cases under this title.

*Id.* (*citing* 11 U.S.C. §330(a)(3)(A)-(E)).  Moreover, based on the statutory language set forth in section 330(a)(3), the Tenth Circuit stated that "a bankruptcy court is directed to consider at least five factors, among which four either explicitly or implicitly direct a bankruptcy court to examine the amount of time spent on a project." *Id.*  Section 330 "does not specify the unit of time to be used, but hours appear to be a useful measure for comparison with other professionals' services, for determining a rate, and especially for evaluating whether the actual amount of time spent was reasonable." *Id.*

Given the case law set forth above, I find that this matter should be remanded back to the Bankruptcy Court for further proceedings.  Based on my review of the record, I find that there is insufficient evidence in the record that the 11 U.S.C. §330 factors were adequately considered.  The Tenth Circuit, in *Commercial Financial*, stresses that the Bankruptcy Court must consider the factors set forth in section 330, especially focusing on "the amount of time spent on a project."  After reviewing the record, I do not find that the Bankruptcy Court complied with this.  In fact, when the

Broker, Donna Corrigan, testified at the June 21, 2007 hearing, she stated that she did not know how many hours she had spent working on the real estate sale because she does not keep track of her hours. I find that without knowing how much time the Broker spent on the real estate transaction, the Bankruptcy Court lacked the necessary evidence to conclude that the real estate commission was reasonable. Therefore, based on my review of the record and the case law, I find that this matter should be remanded back to the Bankruptcy Court for further consideration of the 11 U.S.C. §330(a)(3) factors.

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that this matter is **REMANDED** back to the to the Bankruptcy Court for further consideration of the 11 U.S.C. §330(a)(3) factors as set forth in this Order.

Dated: March 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge